UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 25  P 3: 02

US DISTRICT COURT
HARTFORD CT

```
------------------------------------------------x
EUNICE SMITH,                                   :
         Plaintiff,                             :
                                                :
v.                                              :
                                                :   Civil Action No. 3:03CV00386 (AWT)
STATE OF CONNECTICUT                            :
DEPARTMENT OF CORRECTION,                       :
                                                :
         Defendant.                             :
------------------------------------------------x
```

## RULING ON MOTION TO DISMISS

Eunice Smith brings this action alleging that the State of Connecticut Department of Correction subjected her to a hostile work environment and to disparate treatment on account of her race, and retaliated against her, in violation of Title VII of the Civil Rights Act; violated her rights under 42 U.S.C. § 1981; and engaged in conduct that constituted intentional and negligent infliction of emotional distress upon her. The defendant has moved to dismiss the § 1981 claim as well as the state law claims for intentional and negligent infliction of emotional distress. For the reasons set forth below, the defendant's motion is being granted, but with leave for the plaintiff to file an amended complaint within 30 days.

### Part I. Background

The plaintiff began working for the defendant on July 13, 1990 as a Correctional Officer at its Hartford facility. She alleges that since 1995 she has been subjected to constant harassment, retaliation and disparate treatment by the defendant, and that this led her to file complaints with the

Commission on Human Rights and Opportunities ("CHRO") in 1995, 1997 and 2002. The alleged conduct of the defendant has included doing things such as requiring the plaintiff to wait, on a regular basis, a considerable length of time for a bathroom break and issuing the plaintiff informal counseling for allegedly having failed to log out before taking a bathroom break, and disciplining the plaintiff for entering the facility too early for her shift. The plaintiff alleges that similarly situated white employees have not been disciplined for taking bathroom breaks without logging out, or disciplined for arriving at the facility too early. A release of jurisdiction letter was issued by the CHRO and the EEOC on December 10, 2002 and December 17, 2002, respectively.

**Part II. <u>Legal Standard</u>**

"[T]he standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical." <u>Moore v. PaineWebber, Inc.</u>, 189 F.3d 165, 169 n.3 (2d Cir. 1999). "[T]he court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff. The court may not dismiss a complaint unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." <u>Jaghory v. New York State Dept. of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997) (internal citations omitted). The task of the court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." <u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984) (internal quotes and citation omitted). However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).

**Part III. Discussion**

A. 42 U.S.C. § 1981

The plaintiff alleges that the State of Connecticut Department of Correction violated her rights under 42 U.S.C. § 1981, and pleads a cause of action pursuant to 42 U.S.C. § 1981. However, when a person's rights protected by § 1981 are violated by a state actor (as opposed to a private person), the aggrieved party has a cause of action pursuant to 42 U.S.C. § 1983, not 42 U.S.C. § 1981. See Jett v. Dallas Independent School District, 491 U.S. 701 (1989) (the remedy for violation by state actors of rights declared in § 1981 is distinct from the remedy for violation by a private person of rights protected by § 1981).

Moreover, even if the plaintiff had pled a cause of action pursuant to 42 U.S.C. § 1983, her claim would nonetheless be barred by the Eleventh Amendment because she asserts it against a state agency, as opposed to a state official in his or her individual capacity. States, state agencies and state officials sued in their official capacities are protected from claims for money damages by the Eleventh Amendment, and § 1983 does not "explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States ...". Quern v. Jordan, 440 U.S. 332, 345 (1979). "A state's sovereign immunity may be abrogated by an act of Congress or the state legislature. However, the courts have held that Congress has not abrogated the state's immunity from suit under 42 U.S.C. §§ 1981 and 1983, see, e.g., Quern v. Jordan, 440 U.S. 332, ... (1979) (Section 1983); Rucker v. Higher Education Aids Board, 669 F.2d 1179, 1184 (7th Cir. 1982) (Section 1981); Daisernia v. State of New York, 582 F. Supp 792, 799 (N.D.N.Y. 1984) (Section 1981), and there is no indication that the State of Connecticut has waived its sovereign immunity under those statutes." Banerjee v. Roberts, 641 F. Supp. 1093, 1098 (D. Conn. 1986).

Accordingly, the plaintiff's § 1981 claim must be dismissed.

B. <u>Intentional and Negligent Infliction of Emotional Distress</u>

It is clear under <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 106 (1984), that the plaintiff's state law claims are barred by the Eleventh Amendment.

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

Accordingly, the plaintiff's state law claims must be dismissed.

**Part IV. <u>Conclusion</u>**

Defendant's Motion to Dismiss (Doc. # 9) is hereby GRANTED. The plaintiff's claims against the defendant pursuant to 42 U.S.C. § 1981 and for intentional and negligent infliction of emotional distress are hereby dismissed. However, the plaintiff is hereby granted leave to file, within 30 days, an amended complaint setting forth claims against former Commissioner Armstrong and Warden Acosta in their individual capacities.

It is so ordered.

Dated this 25th day of November 2003, in Hartford, Connecticut.

Alvin W. Thompson
United States District Judge