UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EUNICE SMITH,                                        \*
                Plaintiff            \*
                                     \* CIVIL NO. 3:03CV00386(AWT)
VS.                                                  \*
                                                 \*
STATE OF CONNECTICUT/                                \*
DEPARTMENT OF CORRECTIONS;                           \*
COMMISSIONER JOHN ARMSTRONG                          \*
IN HIS INDIVIDUAL CAPACITY;     \*
WARDEN REMI                                          \*
ACOSTA, IN HIS INDIVIDUAL                            \*
CAPACITY                                             \*
                Defendants           \* DECEMBER 22, 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

**COUNT ONE: Title VII (Race/ Retaliation/ Hostile Work Environment as to all defendants).**

    1.    This is an action for money damages to redress the deprivation by the defendant, through its agents, servants and/or employees, of the rights secured to the plaintiff by the Constitution and laws of the United States, as well as those of the State of Connecticut. Defendant, through its agents, servants and/or employees, were responsible for violating plaintiff's constitutional, as well as federal and state statutory rights, and thereby improperly deprived her the freedom and liberty afforded to all citizens of this State and Country, without any cause, justification or excuse.

    2.    Jurisdiction of this Court is invoked under the provisions of the United States Code 28 U.S.C. §§ 1331 and 1343, the Civil Rights Acts of 1964 and 1991, Title VII thereof, and Article I, Section 1 and 10 of the Connecticut Constitution which confers

2

pendent jurisdiction upon this Court with respect to any cause of action under State law, as well as the United States Constitution, specifically Amendment Fourteen.

3. During all times mentioned herein, the plaintiff, Eunice Smith ("plaintiff"), was a citizen of the United States, residing within the State of Connecticut, County of Hartford, City of Hartford, is African American of race and black of color.

4. At all times mentioned herein, the defendant, the State of Connecticut, Department of Corrections, (the "defendant") was a state agency created by the General Assembly organized under the laws of the State of Connecticut, employing well over 500 persons, with its principal place of business located at 24 Wolcott Hill Road, Wethersfield, CT 06109.

5. The plaintiff began working for the defendant on July 13, 1990 as a Correctional Officer at its Hartford facility, located at 177 Weston Street, Hartford, CT 06120.

6. Both in 1995 and 1997, the plaintiff filed Complaint Affidavits with the Commission on Human Rights and Opportunities ("CHRO") for discrimination and retaliation in the workplace.

7. Since that time, the plaintiff has been subjected to constant harassment, retaliation and disparate treatment by the defendant.

8. In July 2001, the defendant accused the plaintiff of allegedly coaching a co-worker through a statement concerning "workplace violence" and wrote a letter about this to Joe Stone, the President of the Union.

3

9.  On a regular basis, whenever the plaintiff requested a bathroom break, she would be made to wait a considerable length of time before being relieved, even after having medical documentation from her physician stating that ready access to a bathroom was a reasonable accommodation to the plaintiff.

10. More specifically, in or about October 2001, the plaintiff was issued informal counseling for allegedly failing to log out before taking a bathroom break.

11. Other similarly situated employees, who were white of color and Caucasian of race have taken bathroom breaks without logging out and were never counseled for "inappropriate conduct."

12. Further, on November 11, 2001, after requesting a break to go to the bathroom and waiting 20 minutes with no relief, the plaintiff went to the bathroom to tend to her personal needs and, as a result, was issued a written warning.

13. On May 5, 2002, Complainant was forced to wait over twenty minutes for a bathroom break and, as a result, quite humiliatingly, soiled herself.

14. From August of 2001 through January 2002, the plaintiff was unfairly and constantly issued written "counselings," as well as written warnings for various alleged misconduct. For example, the plaintiff has been accused of making inappropriate log entries since December 21, 2001, but was not ever advised of this issue until she received a formal counseling.

15. On January 29, 2002 the defendant accused the plaintiff of entering the facility too early for her shift. As the plaintiff's roll call was scheduled for 7:45 a.m., it is her normal procedure to arrive between 7:00 a.m. and 7:15 a.m. No other similarly situated

4

Caucasian employees have ever been disciplined for arriving too early to work. The Complainant was issued a one (1) day suspension by Lt. Sousa, whom Complainant had previously complained about regarding his blatant racial profiling against black officers.

16.    On February 21, 2002, the plaintiff became aware that defendant, through its agents, servants and/or employees was videotaping her while she was conducting her outside rounds. While the defendant claimed that the videotaping was for "training purposes," the plaintiff was never informed of the taping. The defendant's customary procedures had previously been to inform the person being videotaped, what the training was for and the anticipated length of time the taping would go on. The plaintiff was the only person being taped on this day.

17.    On or about March 5, 2002 a Complaint Affidavit was filed with the CHRO, as well as the Equal Employment Opportunities Commission, ("EEOC") asserting harassment, retaliation and discrimination by the defendant and its agents, servants and/or employees due to the plaintiff's race which is African-American and her color which is black.

18.    On October 23, 2002, Complainant was issued a five (5) day suspension by Lieutenant Eric Sousa, the same person the Complainant had been complaining about concerning his discriminatory practices. The suspension was for alleged unprofessional conduct.

19.    A release of jurisdiction letter was issued by the CHRO and the EEOC dated December 10, 2002 and December 17, 2002 respectively, giving plaintiff the right to commence the instant action and which are attached as Exhibit A.

5

20. The acts of the agents, servants and/or employees of the defendant were in the nature of discriminatory, emotionally abusive and harassive conduct in substantial part due to her race and color and, therefore, were in violation of 42 U.S.C. § 2000e et seq., (hereinafter referred to as "Title VII").

21. The actions of the defendant, through its agents, servants and/or employees, and through the ongoing harassment and retaliation of the plaintiff, as well as the disparate treatment afforded her in juxtaposition to other Caucasian, white employees, amounted to a discriminatory employment practice being perpetrated against the plaintiff which constituted not only a hostile work environment, but also disparate treatment in direct violation of Title VII of the Civil Rights Act, as defendant's actions were due, in substantial part, to plaintiff's race, African-American and her color, black.

**COUNT TWO: 42 U. S. C. § 1981 (as to all defendants)**

1-21. Paragraphs 1 through 21 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 21 of the Second Count, as fully set forth herein.

22. The acts of the defendant, through its agents, servants and/or employees, occurred in the performance, modification, and termination of a contract, all in violation of 42 U.S.C. § 1981.

6

**COUNT THREE:** **Intentional Infliction of Emotional Distress (as to co-defendants Armstrong and Acosta)**

1-21.   Paragraphs 1 through 21 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 21 of the Second Count, as fully set forth herein.

22.   Plaintiff informed co-defendants Armstrong and Acosta of the discriminatory conduct she was subjected to.  Armstrong countered by labeling the plaintiff as confrontational, and argumentative without addressing the plaintiff's concerns.

23.   The defendant, by taking the aforedescribed adverse employment actions against the plaintiff, intended to inflict emotional distress upon her or knew or should have known that emotional distress was the likely result of its conduct.

24.   The aforedescribed conduct by the defendant was extreme and outrageous and caused the plaintiff severe emotional distress and trauma, sleeplessness, loss of appetite, loss of her employment, overly burdensome financial hardships, damage to her relationship with her family and friends, as well as damage to her self-esteem, and overall sense of self-worth.

25.   The aforedescribed acts of the defendant, through its agents, servants and/or employees, constituted the intentional infliction of emotional distress.

7

**COUNT FOUR: Negligent Infliction of Emotional Distress (as to co-defendants Armstrong and Acosta)**

1-22.   Paragraphs 1 through 22 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 22 of the Third Count, as if fully set forth herein

23.   As a result of the alleged conduct by the defendant, the plaintiff suffered damage to her professional reputation, as well as a loss of income.

23.   The defendant knew or should have known that its ongoing and relentless harassment of the plaintiff involved an unreasonable risk of causing emotional distress.

24.   As a result of the defendant's conduct, the plaintiff suffered severe emotional distress which included mental, physical and emotional harm, loss of sleep, damage to her self-esteem, damage to her relationships with her family and friends and anxiety caused by the financial hardships to which she was subsequently, yet needlessly subjected.

25.   The defendant knew or should have known that its conduct, through agents, servants and/or employees would in all likelihood cause distress and that this emotional trauma would result in illness and/or bodily harm as was ultimately suffered by the plaintiff.

26.   The acts of the defendant through its agents, servants, and/or employees, resulted in the negligent infliction of emotional distress upon the plaintiff.

**WHEREFORE**, the plaintiff claims judgment against the defendant as follows:

a. Compensatory damages in an amount this Court shall consider just, fair and reasonable;

b. Punitive damages in an amount this Court shall consider just, fair and reasonable;

c. Attorney's fees and the reimbursement of costs of the instant action;

d. Restoration of any benefits and/or monies that have been lost by the plaintiff as a result of defendant's illegal and unwarranted adverse employment actions; and

e. Such other relief as this Court shall consider to be just, fair and equitable.

PLAINTIFF, EUNICE SMITH

BY: _____
Marc L. Glenn
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511-6406
Tel. No. (203) 624-4666
Federal No. ct21369
Her Attorneys

The plaintiff hereby requests a trial by jury.

9

## CERTIFICATION

THIS IS TO CERTIFY thta a copy of the foregoing Amended Complaint was mailed, postage pre-paid, this date to Jane B. Emmons, AAG, Office of the Attorney General, 55 Elm Street, P.O. Box 120, Hartford, CT 06141-0120.

*Marc L. Glenn*

Marc L. Glenn

s:\docs\employ\esmith.amdcpt.wpd