UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUNICE SMITH, | : | CIVIL ACTION NO. 3:03CV2222(AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION, | : | |
| *Defendant* | : | FEBRUARY 19, 2004 |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR MORE DEFINITE STATEMENT**

The defendants have moved for an order requiring the plaintiff to provide the defendants with a more definite statement of the claims asserted in the complaint pursuant to Rules 8(a) and 12(e) of the Federal Rules of Civil Procedure. This motion is made on the grounds that the complaint is so vague and ambiguous that the defendants cannot reasonably be required to frame a responsive pleading.

Specifically, upon review of the complaint, it appears that the plaintiff has alleged constitutional violations of Title VII, 42 U.S.C. § 1983, and 42 U.S.C., § 1985 against the defendants. It is difficult from reading the complaint to discern the conduct that comprises the violations, much less discern which defendant is alleged to have committed which violation. Simply put, the complaint fails to allege facts against each defendant that forms the basis of this lawsuit and allows the defendants to formulate their respective defenses.

For example, the plaintiff has alleged the following overly vague references to "the defendants"

"¶ 24.  the acts, practices, and treatment of the defendants intentionally subjected the Plaintiff to discrimination . . . "

"¶ 30   Defendants acted under color of state law and intended to deprive Plaintiff of her rights, privileges and immunities under federal law on the basis of her race."

So vague is the Complaint that it omits relevant facts describing:

**when (dates) the plaintiff suffered the alleged wrongful conduct;**

**what specific constitutional right(s) was violated (due process, equal protection) by**

**what conduct of the defendants;**

**which individual defendants were responsible for the alleged wrongful conduct.**

Without knowing who is accused of what wrongful behavior, it is virtually impossible to sort out the allegations, much less compel individual defendants to meet the relief sought by the plaintiff.  Even under the more liberal notice pleading standards, the plaintiff must articulate the specific conduct by each defendant which gives rise to the individual claims, differentiate which claims are asserted against each defendant and in what capacity.  If not, the defendants are unfairly burdened and compelled to respond to conclusory legal allegations by speculating about the factual basis for each cause of action.  See cf. Atuahene v. City of Hartford, 2000 U.S. Dist. LEXIS 5160 (D. Conn. 2000); Bennett v. Beirsdort, Inc., 889 F. Supp. 46, 51 (D. Conn. 1995).

Without facts delineating each cause of action by the plaintiff against each defendant, the defendants cannot challenge the sufficiency of the pleading under Rule 12(b), evaluate issues of joinder under Rules 18-21, evaluate affirmative defenses under Rule 8(b) or comply with Rule 26(a)(1) because there are no facts upon which to understand the specific nature of each claim made by the plaintiff against the named defendants.  In short, the conclusory allegations quoted above can only prompt the question from each defendant: "Other than the assertion that I violated her rights, what specifically is the plaintiff claiming that I did wrong?"  The same deficiency exists with respect to the majority of plaintiff's complaint.

The defendants are not asking the plaintiff to set forth all of her evidence. Instead, the defendants submit that the plaintiff must set forth a plain statement of FACTS that form the basis for each claim alleged against each defendant.

Therefore, the defendants have requested from the court an order directing the plaintiff to amend her complaint and requiring her to set forth, with specificity, the facts giving rise to each claim by the plaintiff against each defendant.

                                    DEFENDANT,
                                    STATE OF CONNECTICUT,
                                    DEPARTMENT OF CORRECTION

                                    RICHARD BLUMENTHAL
                                    ATTORNEY GENERAL


BY: _____
      Jane B. Emons
      Assistant Attorney General
      Federal Bar No. 16515
      55 Elm Street - P.O. Box 120
      Hartford, CT  06141-0120
      Tel: (860) 808-5340
      Fax: (860) 808-5383
      Email:  jane.emons@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Brief In Support of Defendants' Motion For More Definite Statement was mailed this 19th day of February, 2004, first class postage prepaid to:

Francis A. Miniter, Esq.
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT  06106

_____
Jane B. Emons
Assistant Attorney General