UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUNICE SMITH | : | CIVIL ACTION NO: 3:03CV00386 (AWT) |
| V. | : | |
| STATE OF CONNECTICUT/<br>DEPARTMENT OF CORRECTIONS;<br>COMMISSIONER JOHN ARMSTRONG IN<br>HIS INDIVIDUAL CAPACITY; WARDEN<br>REMI ACOSTA, IN HIS INDIVIDUAL<br>CAPACITY | : | March 24, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO DISMISS AMENDED COMPLAINT**

**I. INTRODUCTION**

The Plaintiff objects to the Defendant's Motion to Dismiss the Amended Complaint because the individual Defendants do not enjoy sovereign immunity regarding the negligent infliction of emotional distress claims.

**II. STATEMENT OF FACTS:**

The Plaintiff has been employed as a Correctional Office with the State of Connecticut's Department of Correction since July of 1990. Plaintiff claims that overt racial discrimination has been directed at her in the workplace and has filed several complaints with the Connecticut Commission on Human Rights and Opportunities. Subsequent to her filing her CHRO Complaints, Plaintiff has been subjected to harassment and disparate treatment by Defendants and the agents, servants and employees of Defendants in retaliation for engaging in protected

1

activities.

The Plaintiff suffered multiple instances of disparate treatment. For example, the Plaintiff would be forced to wait an inordinate amount of time when she would request to be relieved to take a bathroom break. In or about October of 2001, the Plaintiff was issued counseling and/or a warning concerning her failure to log out when taking a bathroom break. Other similarly situated non-African-American employees were never required to log out before taking bathroom breaks. In November of 2001, Plaintiff was issued a written warning because, after waiting over 20 minutes for another officer to relieve her, she had to leave to use the bathroom.

Plaintiff has also been written up excessively for "performance issues," such as entering her workplace "too early" prior to the commencement of her shift. No other similarly situated non-African American employees have been written up or disciplined for arriving too early for work.

On or about February of 2002, the Plaintiff was videotaped by the Defendants' agents, servants and/or employees while she was conducting her security rounds. While in the past, similarly situated non-African American employees were asked permission prior to conducting videotaping, no permission was asked of the Plaintiff.

### III.  STANDARD OF REVIEW

Motions to Dismiss are granted by the District Court only if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief." <u>Tarshis v. Riese Org.</u>, 211 F.3d, 30, 35 (2d Cir. 2000), *quoting* <u>Connelly v. Gibson</u>, 355 U.S. 41, 45-46 (1957). District Courts are required to accept as true all of the allegations set out

in Plaintiff's Complain and draw all reasonable inferences from those allegations in a light most favorable to the Plaintiff. In addition, the District Court is required to liberally construe the allegations of a complaint in its entirety. *Id.*

District Courts have generally exercised great restraint where civil rights violations are asserted and have, accordingly, avoided hastily dismissing such complaints. *See* Tarshis v. Riese Org., 211 F.3d at 35; Gant v. Wallingford Board of Education, 69 F.3d 669, 673 (2d. Cir. 1995). In this circuit, great care is exercised in reviewing claims sounding in civil rights so that the plaintiff may have a fair and full opportunity to air her claims of discrimination and disparate treatment in an open judicial forum. Gregory v. Dailey, 00-7077 (2d. Cir. 2001). Again, dismissal is generally deemed unwarranted unless absolutely no relief can be obtained by the Plaintiff under any set of facts consistent with the allegations of the Complaint. *See* Hissit v. King & Spalding, 467 U.S. 69, 73 (1984); Conboy v. AT&T Corp., 241 F.3d 242, 246 (2d Cir. 2001).

The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive of the case. *See* Conley v. Gibson, 355 U.S 41, 45-46 (1957). A court which is entertaining a motion to dismiss is limited in its dismissal to the grounds specified within the motion. *Suo sponte* dismissals, without prior notice or an opportunity to be heard on the precise issue underlying the dismissal, is prejudicial to the non-movant. *See* Perez v. Ortiz, 849 F.2d 793 (2d Cir. 1988).

3

## IV. ARGUMENT

### A. THE PLAINTIFF'S TITLE VII ACTION IS NOT VIABLE AGAINST THE INDIVIDUAL DEFENDANTS.

The Plaintiff concedes that the Title VII action is against the State of Connecticut Department of Corrections only and is not against Defendants Acosta and Armstrong.

### B. THE PLAINTIFF'S CAUSE OF ACTION AGAINST THE STATE OF CONNECTICUT FOR DISCRIMINATION UNDER 42 U.S.C. 1981 IS BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY THE COURT'S PREVIOUS RULING ON THE MOTION TO DISMISS.

The Court has already ruled that the Plaintiff does not have a valid §1981 claim against the State, due to the fact that the state enjoys Eleventh Amendment immunity and because 42 U.S.C. §1983 is the correct statute under which to bring a claim against the state. However, Plaintiff's §1981 claims against the individual Defendants was not challenged by the Defendants in their Motion to Dismiss. The Plaintiff, however, is moving to amend her complaint to add a §1983 claim and remove the §1981 claim against the individual defendants.

### C. PLAINTIFF'S CLAIMS FOR THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ARE NOT BARRED BY THE ELEVENTH AMENDMENT OR C.G.S. §4-165.

The Plaintiff's claims for negligent infliction of emotional distress are not barred by the Eleventh Amendment of by C.G.S. §4-165. The Plaintiff is not bringing a claim against the state. Remi Acosta and John Acosta were sued in their individual capacities and not in their official capacities. Therefore, the state would not be liable for any monetary damages that might be due the Plaintiff in this regard. There is no sovereign immunity for the Defendants in their individual

4

capacities.

Additionally, under C.G.S. §4-165, "No state officer or employee shall be personally liable for damage or injury, not *wanton, reckless or malicious*, caused in the discharge of his duties or within the scope of his employment." (Emphasis added.)  Plaintiff must prove that the Defendants' conduct either exceeded their statutory authority or that statutory immunity under §§4-165 does not shield the Defendants from personal liability because their conduct was wilful, wanton and malicious and therefore falls within the exception to §§ 4-165 immunity.

Confronted by a threshold immunity claim, the court does not decide whether the complaint states a legally sufficient cause of action, but rather examines the pleadings to decide if adequate facts are alleged "with respect to personal immunity under §§ 4-165 to support a conclusion that the defendants were acting outside the scope of their employment or wilfully or maliciously." Martin v. Brady, 261 Conn. 372, 376 (2002).  In the case at bar, the Plaintiff should be allowed time to complete discovery in this matter to investigate whether the Defendants' conduct rose to the level of willful, wanton and malicious.  Granting the Defendant's Motion to Dismiss on the negligent infliction of emotional distress count is premature at this time.

## V.   CONCLUSION

The Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss as to the individual Defendants on Plaintiff's claim for negligent infliction of emotional distress.

THE PLAINTIFF

By_____
Francis A. Miniter, her attorney
Miniter & Associates
100 Wells Street Unit 1-D
Hartford, CT 06106
Ct09566 860-560-2590

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this 5 day of April, 2004:

Jane B. Emons, AAG
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
Francis A. Miniter