UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUNICE SMITH<br>    Plaintiff | : | 2004 APR 14  A 11: 05 |
| | : | |
| V. | : | CIV. ACTION NO.<br>3:03CV00386 (AWT) |
| | : | U.S. DISTRICT COURT<br>HARTFORD CT. |
| STATE OF CONNECTICUT/<br>DEPARTMENT OF CORRECTIONS;<br>COMMISSIONER JOHN ARMSTRONG<br>IN HIS INDIVIDUAL CAPACITY;<br>WARDEN REMI ACOSTA, IN HIS<br>INDIVIDUAL CAPACITY<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | APRIL 2, 2004 |

| | | |
|---|---|---|
| EUNICE SMITH | : | |
| | : | CIV. ACTION NO: |
| vs. | : | 3:03CV2222 (AWT) |
| | : | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTIONS<br>and PATRICIA GONZALEZ<br>and MICHAEL DAVIS | :<br>:<br>:<br>: | APRIL 2, 2004 |

## REPORT OF THE PARTIES PLANNING MEETING
## 26(F) REPORT

**DATE COMPLAINT FILED:**   3/5/03 (00386); 12/22/03 (2222)

**DATE COMPLAINT SERVED:**   3/12/03 (00386) ;12/23/03 (2222)

**DATE OF DEFENDANT'S APPEARANCE:**   6/16/03 (00386); 1/9/04 (2222)

Pursuant to FED. R. CIV. P. 16(b), 26 (f) and D. Conn. L. Civ. R. 38, a conference was held on April 2, 2004. Participants were:

Christine E. Corriveau for Plaintiff Eunice Smith.
Jane B. Emons for the Defendant State of Connecticut, Department of Corrections, Michael Davis, Warden Remi Acosta and Commissioner John Armstrong.

**I.      Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**:

   **A.      Subject matter jurisdiction.**

Jurisdiction is conferred by 28 U.S.C. §1331, 42 U.S.C. §§1983, 42 U.S.C. §2000e et seq and 28 U.S.C. §1367. Plaintiff believes that she has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. §2000 et seq, in that Plaintiff filed timely charges with the State of Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunities Commission. Plaintiff subsequently requested and received Right to Sue and Release of Jurisdiction Letters from the appropriate authorities and filed the Complaint with the United States District Court in the State of Connecticut in a timely manner.

   **B.      Personal Jurisdiction.**

The Plaintiff claims that Defendants are the State of Connecticut Judicial Branch or are residents of the State of Connecticut, and were properly served by an indifferent person. Defendants State of Connecticut and Michael Davis have appeared through counsel.

**III.    Brief Description of the Case:**

   **A.      Claims of Plaintiff:** (0386)

Plaintiff sets forth four (4) causes of action in the Complaint. Plaintiff, a correctional

Officer for the State of Connecticut for more than 13 years, maintains the defendant, through its agents, servants and/or employees, presided over a hostile work environment, subjected the Plaintiff to disparate treatment, retaliation and engaged in discriminatory employment practices. More specifically, Plaintiff's Complaint asserts violations of Title VII and 42 U.S.C. §1983 with respect to ongoing insults and harassment she experienced with her workplace, which was known as "the Meadows," a Correctional Facility in the City of Hartford.

Further, Plaintiff alleges common law claims of intentional and negligent infliction of emotional distress as a result of the alleged discriminatory and harassive conduct of the defendants Acosta and Armstrong.

**Claims of Plaintiff:** (2222)

Plaintiff claims she was falsely accused of having threatened a co-worker with physical violence. Thereafter, an investigation was conducted, resulting in a series of adverse job actions being taken against Plaintiff, beginning with her immediate suspension and ending with her termination on November 6, 2003. In the course of the investigation, Defendant State of Connecticut Department of Corrections wilfully ignored the only evidence from an independent source, which stated unambiguously that Plaintiff never made the statements alleged. Plaintiff alleges that she was discriminated against, retaliated against, and conspired against, all due to her race.

**B.     Defenses and Claims:** The defendants deny each and every one of the Plaintiff's allegations.

**IV. Statement of Undisputed Facts:** Counsel certify that they have made good faith attempts to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The Plaintiff is African-American of race, black of color and female of gender.

2. The Plaintiff had been employed by the defendant since July of 1990.

3. Plaintiff was terminated on November 6, 2003.

## V. Case Management Plan.

### A. Standing Order on Scheduling in Civil Cases:

The Parties request modification of the deadlines in the Standing Order in Civil Cases as follows:

### B. Scheduling Conference with Court:

The Parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to FED. R. CIV. P. 16(b).

### C. Early Settlement Conference:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The plaintiff requests an early settlement conference. The defendants do/ do not request an early settlement conference.

3. The parties prefer a settlement conference with a magistrate judge.

4 The parties do not request a referral for alternative dispute resolution pursuant to D. CONN. L. CIV. R. 36.

### D. Joinder of Parties and Amendment of Pleadings:

The parties do not plan to join additional parties at this time.

### E. Discovery:

1. The parties anticipate that discovery will be needed on the following subjects: State of Connecticut, Department of Corrections employment practices; Plaintiff's employment

history; Plaintiff's job performance; Race discrimination alleged by Plaintiff; retaliation; and damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced immediately and completed by November 1, 2004.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of 2-3 depositions of fact witnesses and that the Defendant will require a total of 3 depositions of fact witnesses. The depositions will commence on immediately and be completed by November 1, 2003.

5. The parties may request permission to serve more than twenty-five interrogatories.

6. At this time, Plaintiff does not intend to call expert witnesses at trial. If Plaintiff does intend to call an expert at trial, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R.Civ. P. 26(a)(2) by August 1, 2004. Depositions of any such experts will be completed by September 15, 2004.

7. Defendant does not intend to call expert witnesses at trial at this time. If Defendant does intend to call an expert at trial, Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R.Civ. P. 26(a)(2) by October 1, 2004. Depositions of any such experts will be completed by November 1, 2004.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 1, 2004.

9. The parties agree to dispense with initial disclosures required under FED. R. CIV. P. 26(a) until 30 days before the close of discovery, unless formally requested by a party.

**F.     Dispositive motions**

Dispositive Motions will be filed on or before January 15, 2005.

### G. Joint trial Memorandum

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 15, 2005, provided, however, that if a party files a Dispositive Motion, the Joint Trial Memorandum will be due 30 days after the Court has ruled on the Motion.

### IV. Trial Readiness

The Case will be ready for trial by May 1, 2005.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| THE PLAINTIFF | THE DEFENDANT<br>STATE OF CONNECTICUT<br>DEPT. OF CORRECTIONS |
|---|---|
| by_____<br>Francis A. Miniter<br>Miniter & Associates<br>147 Charter Oak Avenue<br>Hartford, CT 06106<br>860-560-2590<br>(Ct09566) | by_____<br>Jane B. Emons<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141<br>860-808-5340<br>(Ct     ) |