UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUNICE SMITH, | : | CIVIL ACTION NO. 3:03CV00386(AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION, | : | |
| *Defendant* | : | DECEMBER 6, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL AND MOTION FOR SANCTIONS**

**I.      INTRODUCTION**

Pursuant to Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and D.Conn.L.Civ.R. 37(a)(2), the Defendants hereby submit this Memorandum of Law in support of their Motion to Compel requesting that the court order the Plaintiff to provide a full and complete response to the discovery requests contained in the Defendant's Interrogatories and Requests for Production dated May 25, 2004.  Despite having not objected to a single discovery requests, the Plaintiff has not provided any response.  Additionally, the Defendants request that the Court order plaintiff to provide a more definite statement as ordered by the Court on March 22, 2004 in 3:03CV0222.  In addition, as Defendants' good faith efforts to obtain the information they seek have been completely ignored by Plaintiff, Defendants move this Court to award attorney's fees to Defendant pursuant to Rule 37(a)(4) or 37(d) of the Federal Rules of Civil Procedure, and/or Local Rule 37(a)(4) for the United States District Court for the District of Connecticut.

## II. DISCUSSION

### A. Plaintiff Must Respond To Interrogatories and Comply With Production Requests To Which Its Has Failed To Object.

Plaintiff did not object to any Interrogatories or Production Requests. As such, Plaintiff has waived her opportunity to do so. The Plaintiff has not provided any response to these discovery requests.

Rule 33 of the Federal Rules of Civil Procedure governs the manner in, as well as the deadline by which, a party must either answer or object to interrogatories. It provides that:

> (3) The party upon whom the interrogatories have been served <u>shall</u> serve a copy of the answers, <u>and</u> objections, if any, within thirty days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.
>
> (4) <u>All grounds</u> for an objection to an interrogatory <u>shall be stated with specificity</u>. <u>Any ground not stated in a timely objection is waived</u> unless the party's failure to object is excused by the court for good cause shown.

Fed.R.Civ.P. 33 (b)(3) & (4) (emphasis added). Likewise, Rule 34(b) requires that "[t]he party upon whom the request [for production] is served <u>shall</u> serve a written response" by the same deadline. Fed.R.Civ.P. 34(b) (emphasis added).

By using "shall," the drafters of Rule 33(b)(3) and (4) and 34(b) made clear that made clear that its requirements were mandatory, not permissive or discretionary. *See United States v. Maria*, 186 F.3d 65, 70 (2d Cir. 1999) ("the word 'shall' is used to express or command or exhortation and is used in laws, regulations, or directives to express what is mandatory") (internal citations omitted) (citing Webster's Dictionary and Black's Law Dictionary). These mandatory requirements have been emphasized by courts within this Circuit. *See, e.g. Billups v.*

*West*, No. 95 Civ. 1146, 1997 WL 100798 at \*\*2-3 (S.D.N.Y. March 6, 1997) ("[t]he time limits set forth in the Federal Rules of Civil Procedure are *not* optional.  They are mandatory for *all* litigants … Litigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests.  The very notion of such a chaotic system would make it impossible for cases to be resolved in a 'just, speedy, and inexpensive' manner contemplated by Rule 1 of the Federal Rules of Civil Procedure.") (emphasis in original).  Thus, when a party fails to object to a discovery request within the prescribed deadline, any potential objections are deemed to be waived, even those based on privilege.  *See Davis v. Fendler,* 650 F.2d 1154, 1160-61 (9th Cir. 1981); *Ahern v. Trans Union LLC Zale Corp.*, No. 3:01CV02313, 2002 WL 32114492 at \*\*2-3 (D.Conn. Oct. 23, 2002); *Scott v. Arex*, 124 F.R.D. 39, 41-42 (D.Conn. July 22, 2002); *Williams v. The Gillette Co.*, No. 3:02CV2213, 2004 WL 71713 at \*2 (D.Conn. March 24, 2004); *Billups v. West,* No. 95 Civ. 1146, 1997 WL 100798 at \*\*2-3 (S.D.N.Y. March 6, 1997).

      B.    <u>Plaintiff Must Respond To The Court's Order Granting Defendants Motion for More Definite Statement</u>.

It is axiomatic, absent a request for reconsideration or other relief, that a party comply with an order of the Court.  In this case, the Court granted Defendants' Motion for More Definite Statement on March 22, 2004.  Despite the Court order and numerous requests by Defendants, the Plaintiff has not responded.

It is extremely difficult for the Defendants to respond to the Complaint as it exists at the present time, given the vagueness and lack of factual detail.  It is equally difficult to prepare for the Plaintiff's deposition with such unclear allegations.

The Defendants request that the Court, once again, order the Plaintiff to file a More Definite Statement or face dismissal of her action.

C.  The Court Should Award Defendant Attorney's Fees And Costs As A Result Of Plaintiff's Failure To Provide A Full And Complete Response To The Discovery Requests At Issue.

The Plaintiff has failed to answer or comply with the Defendants' discovery requests, notwithstanding defense counsel's repeated requests for the responses. It has been more than six months since the discovery requests were initially served. Plaintiff's conduct which necessitated this Motion demonstrates a violation of the Federal and Local rules governing discovery. Accordingly, this Court should award Defendant attorney's fees and costs incurred in filing this motion.

Defendants are entitled to attorney's fees and costs incurred in filing this Motion pursuant to Federal Rules of Civil Procedure, the Local Rules for the District of Connecticut, as well as 28 U.S.C. § 1927.

1. Rule 37(a)(4)

Rule 37(a)(4) provides that if a party's motion to compel is granted, "the court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . ." Fed.R.Civ.P. 37(a)(4)(A) (emphasis added). Therefore, the Defendant should be awarded attorney's fees and costs under this provision if the Court grants its motion to compel. *See Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 41 (W.D.N.Y. 1985).

2. Rule 37(d)

Rule 37(d) provides that if a party "fails … to serve answers or objections to interrogatories submitted under Rule 33 … or … to serve a written response to a request … submitted under Rule 34, the court may make such orders in regard to the failure as are just."

4

Fed.R.Civ.P. 37(d)(2) & (3).  "In lieu of any order, or in addition thereto, the court **shall require** the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or that other circumstances make an ward of expenses unjust."  Fed.R.Civ.P. 37(d) (emphasis added).  As Plaintiff has clearly failed to answer fully and completely and did not raise any objections, Rule 37(d) requires that Plaintiff pay Defendant the costs incurred in filing this Motion.  *See Williams v. National Housing Exchange, Inc.*, 165 F.R.D. 405, 411-12 (S.D.N.Y. 1996); *Dreiek Finanz AG v. Sun*, No. 89 Civ. 4347, 1990 WL 48071 (S.D.N.Y. Apr. 10, 1990).

        3.        Local Rule 37(a)(4)

Local Rule 37(a)(4) provides that:

> [w]here a party has sought or opposed discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law, sanctions **will** be imposed in accordance with applicable law.  If a sanction consists of or includes a reasonable attorney's fee, the amount of such attorney's fee **shall** be calculated by using the normal hourly rate of the attorney for the party in whose favor a sanction is imposed can demonstrate that such amount is unreasonable in light of all the circumstances.

D.Conn.L.Civ.R. 37(a)(4) (emphasis added).  Plaintiff cannot contend that her failure to respond to the Defendants' discovery requests was warranted under existing law or supported by good faith arguments in favor of the existing law.  Accordingly, this Court should order that the Plaintiff pay the attorney's fees incurred by Defendants in filing this Motion pursuant to Local Rule 37(d)(4).

The Plaintiff can hardly dispute that the Defendants were unnecessarily required to file this Motion to Compel, supporting Memorandum of Law and documents.  Therefore, this Court should issue an order requiring Plaintiff to reimburse Defendants for the costs incurred in filing

5

this Motion and supporting documents, as set forth in the accompanying Good Faith certificate and Bill of Cost.

## **CONCLUSION**

For the foregoing reasons, this Court should order Plaintiff to comply with each and every one of Defendant's discovery requests and award Defendant attorney's fees and costs incurred in preparing its September 23, 2004 correspondence and filing this Motion to Compel with a supporting Memorandum of Law and Good Faith Certificate.

                    DEFENDANT,
                    STATE OF CONNECTICUT,
                    DEPARTMENT OF CORRECTION

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

BY: _____
       Jane B. Emons
       Assistant Attorney General
       Federal Bar No. 16515
       55 Elm Street - P.O. Box 120
       Hartford, CT  06141-0120
       Tel: (860) 808-5340
       Fax: (860) 808-5383
       Email:  jane.emons@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum Of Law In Support Of Defendant's Motion to Compel and For Attorney's Fees, was mailed this 6th day of December, 2004, first class postage prepaid to:

> Cynthia Jennings, Esq.
> The Barrister Law Group
> 211 State Street, 2nd Floor
> Bridgeport, CT  06604

_____
Jane B. Emons
Assistant Attorney General