UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUNICE SMITH, | : | CIVIL ACTION NO. 3:03CV00386(AWT) |
|    *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION, | : | |
|    *Defendant* | : | DECEMBER 23, 2004 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT DATED DECEMBER 14, 2004**

1. Paragraphs 1, 2 and 3 are denied.

2. As to paragraphs 4, 5, 6, 7 and 8, the defendants have insufficient knowledge to formulate a response and, therefore, leave plaintiff to her proof.

3. Paragraphs 9 and 10 are admitted.

4. As to paragraph 11, defendants admit that John Armstrong was appointed Commissioner of Correction in 1995 and that he left his position voluntarily. The remainder of paragraph 11 is denied.

5. As to paragraphs 12, 13 and 14, plaintiff is left to her proof.

6. The first sentence of paragraph 15 is admitted. As to the second sentence of paragraph 15, plaintiff is left to her proof. The last sentence of paragraph15 is denied.

7. Paragraph 16 is denied.

8. As to paragraphs 17 and 18, plaintiff is left to her proof.

9. Paragraphs 19, 20 and 21 are denied.

10. As to paragraphs 22, 23 and 24, plaintiff is left to her proof.

11. Paragraph 25 is admitted.

12. As to paragraph 26, plaintiff is left to her proof.

13. Paragraph 27 is denied.

14. As to paragraphs 28 though 39, plaintiff is left to her proof.

15. Defendants admit so much of paragraph 40 that states that on or about December 10, 2002, the CHRO issued a Release of Jurisdiction letter in complaint number 0210362.

16. Paragraph 41 is admitted.

17. As to paragraphs 42 and 43, plaintiff is left to her proof.

18. Paragraph 44 is admitted.

19. As to paragraphs 45 through 50, plaintiff is left to her proof.

20. Paragraph 51 is admitted.

21. As to paragraphs 53 through 68, plaintiff is left to her proof.

22. Paragraph 69 is admitted.

23. As to paragraph 70 through 73, plaintiff is left to her proof.

24. Paragraph 74 is denied.

25. As to paragraphs 75 through 96, plaintiff is left to her proof.

26. As to paragraph 97, the defendants admit the portion that states "on or about March 5, 2002 plaintiff filed complaint with CHRO against Department of Correction." As to the remainder of paragraph 97, plaintiff is left to her proof.

27. As to paragraphs 98 through 162, plaintiff is left to her proof.

**Count One**

    1.      The defendants' responses to paragraphs 1 through 162 are incorporated by reference as if fully set forth herein.

    2.      Paragraphs 164 and 165 are denied.

**Count Two**

    1.      The defendants' responses to paragraphs 1 through 165 are incorporated by reference as if fully set forth herein.

    2.      Paragraphs 167 and 168 are denied.

**Count Three**

    1.      The defendants' responses to paragraphs 1 through 168 are incorporated by reference as if fully set forth herein.

    2.      Paragraphs 170 through 174 are denied.

**Count Four**

    1.      The defendants' responses to paragraphs 1 through 174 are incorporated by reference as if fully set forth herein.

    2.      Paragraphs 176 and 177 are denied.

**Count Five**

    1.      The defendants' responses to paragraphs 1 through 177 are incorporated by reference as if fully set forth herein.

    2.      Paragraphs 179 through 181 are denied.

**Count Six**

1. The defendants' responses to paragraphs 1 through 181 are incorporated by reference as if fully set forth herein.

2. Paragraphs 183 through 185 are denied.

**Count Seven**

1. The defendants' responses to paragraphs 1 through 185 are incorporated by reference as if fully set forth herein.

2. Paragraphs 187 through 189 are denied.

**Count Eight**

1. The defendants' responses to paragraphs 1 through 189 are incorporated by reference as if fully set forth herein.

2. Paragraphs 191 through 193 are denied.

## AFFIRMATIVE DEFENSES

**First Defense**

The plaintiff has failed to state a claim upon which relief can be granted.

**Second Defense**

The plaintiff has failed to exhaust her administrative remedies.

**Third Defense**

The plaintiff has failed to mitigate her damages.

**Fourth Defense**

As to the individual defendants, the court lacks personal jurisdiction for lack of service of process pursuant to F.R.C.P. 12(b)(4).

**Fifth Defense**

The plaintiff's claims against the individual defendants are barred by the doctrine of qualified immunity because they acted in good faith at all times.

**Sixth Defense**

The plaintiff's state law claims are barred by the 11th Amendment, Conn. Gen. Stats. 4-165 and/or the doctrine of sovereign immunity.

**Seventh Defense**

Some of the plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

**Eighth Defense**

Some of the plaintiff's claims are barred by the statute of limitations.

DEFENDANT,
STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Jane B. Emons
Assistant Attorney General
Federal Bar No. 16515
55 Elm Street - P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
Email:  jane.emons@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Answer to Plaintiff's Amended Complaint dated December 14, 2004, was mailed this 23rd day of December, 2004, first class postage prepaid to:

Cynthia Jennings, Esq.
The Barrister Law Group
211 State Street, 2nd Floor
Bridgeport, CT  06604

                                                                                                                   _____
                                                                                                                   Jane B. Emons
                                                                                                                   Assistant Attorney General