**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EUNICE SMITH, | : | CIVIL ACTION NO. 3:03CV00386(AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF | : | |
| CORRECTION, ET AL. | : | |
| *Defendants* | : | MARCH 1, 2006 |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE**
**TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The defendants respectfully submit this Reply Memorandum to Plaintiff's

Response to Defendants' Motion for Summary Judgment.

In her response to Defendants' Motion for Summary Judgment, plaintiff has failed

to address the following arguments and, for that reason, the defendants would request

that, on those grounds, the Court grant summary judgment in the defendants' favor:

1.      The plaintiffs Title VII action against individual defendants does not state

a viable legal claim.  (Defendants Memo. in Support of Summary Judgment (hereinafter

"Memo.") pg. 4, Section IV A).

2.      The plaintiff's Causes of Action in Counts Three, Four and Five against

the State of Connecticut for Discrimination and Retaliation under §§ 1983 and 1985 are

barred by the Eleventh Amendment to the United States Constitution.  (Memo. pg. 5,

Section IV B).

3.    The plaintiff's claims under the Connecticut Fair Employment Practices Act in Counts Six and Seven are barred by the Eleventh Amendment.  (Memo. pg. 16, Section IV E).

4.    The plaintiff has failed to State a Cause of Action in Count Six under Conn. Gen. Stat. § 46a-58.  (Memo. pg. 19, Section IV F).

5.    The plaintiff has failed to state a claim for defamation as to individual defendants.  (Memo. pg. 20, Section IV G).

6.    The Statute of Limitations bars certain claims against individual defendants.  (Memo. pg. 22, Section IV I).

7.    As to some of plaintiff's claims, she has failed to exhaust her administrative remedies.  (Memo. pg. 23, Section IV J).

Second, the defendants rely upon the legal arguments put forth in their Memorandum in Support of their Summary Judgment Motion as to the following arguments:

1.    Plaintiff's claims against individual defendants for retaliation under 42 U.S.C. § 1983 fail to state a cause of action.  (Memo. pg. 9, Section IV C).

2.    The Court has no personal jurisdiction over the individual defendants. (Memo. pg. 21, Section IV H).

3.    The plaintiff has failed to exhaust her administrative remedies as to her second complaint 3:03CV2222 that was later consolidated with 3:03CV00386 (Memo. pg. 24, *et seq*. Section IV J).

4.    The plaintiff has failed to demonstrate the personal involvement of the individual defendants in certain of her allegations.  (Memo. pg. 27, Section IV L).  Please note that, as noted above, the defendants continue to maintain that the Court is lacking personal jurisdiction over these defendants.

The plaintiff has additionally argued that she has laid out sufficient evidence to support a conspiracy claim.  The defendants respectfully disagree.  With the exception of her conclusory allegations in her complaint, the plaintiff has offered no evidence in her opposition motion to even demonstrate, let along prove, a collaborate plan or design or acts in furtherance of a plan or design such that she can show a conspiracy between individuals at DOC, individuals at AFSCME and individuals of Local 1565.

Plaintiff seems to misconstrue her evidentiary role vis-à-vis a Motion for Summary Judgment.  Her claim that she has alleged and/or pled certain facts may suffice in order to prevail on a Motion to Dismiss.  Her lack of demonstrative or testamentary evidence at the summary judgment stage necessitates that her conspiracy claims be dismissed.  In furtherance of their argument, the defendants refer the Court to their Memorandum in Support of Summary Judgment.

Lastly, plaintiff asserts in her Opposition Memorandum that she has alleged a First Amendment Retaliation Claim.  The defendants respectfully disagree and vehemently argue that plaintiff's complaint never noticed such a claim and that is its now too late to either amend or entertain such a claim.

Most telling is that plaintiff has admitted "while the complaint did not specifically set forth the First Amendment to the U.S. Constitution as a basis for plaintiff's claims. . ."

3

(Opposition Memo., pg. 6).  Plaintiff's further statement that such is not required under the liberal pleading rules of F.R.C.P. 8 is simply incorrect.  The law that plaintiff cites regarding "fair notice" dictates against allowing plaintiff's liberal interpretation of pleading.

The plaintiff's preliminary statement defines her complaint.  It is wholly lacking a reference to the First Amendment.  Both of the original complaints that were later consolidated and amended offer no cause of action for the first Amendment.  Likewise, plaintiffs prayer for relief is wholly lacking in any reference to the First Amendment.  Both sections refer to race discrimination as to the terms and conditions of employment, and retaliation on account of race.

Again, plaintiff's complaint speaks to violations of 42 U.S.C. § 1983 and the Fourteenth Amendment.  The Fourteenth Amendment speaks to violations of Equal Protection and/or Due Process.  Counts III and IV (paragraphs 170 and 176 respectively) speak of race and retaliation, for which the protected activity was opposing unlawful employment practices.  There are no references to the First Amendment in any count in the Complaint. All of the language points only to race discrimination, discrimination as to the terms and conditions of employment and retaliation based upon race and for engaging in a protected activity, i.e., making prior complaints of discrimination.

Simply alleging that she "advocated" or "spoke out" does not entitle the plaintiff to an automatic First Amendment Claim.  "Speaking out" whether verbally, publicly, or in a written form is similarly a requirement for proving a Title VII retaliation claim.  The defendants concede that such a claim for retaliation under Title VII has been properly

pled in Count Two of plaintiff's complaint.  There is absolutely no language in her

complaint to put the defendants on notice that plaintiff also alleged a First Amendment

claim. Such a claim should not be either interpreted into her complaint or allowed in the

form of an amendment.  On page 7 of her Opposition Memo, plaintiff seeks an

opportunity to amend and asserts that "there is no prejudice to Defendant because no

discovery has been done in this case."  Quite to the contrary, discovery, in the form of

written interrogatory and production requests, and the taking of plaintiff's deposition,

was completed long ago.  The deadline for discovery has long ago come and gone.  It

would be severely prejudicial to allow plaintiff to proceed under a "new" theory at this

late stage of litigation.

In conclusion, the defendants request that the Court read this reply in injunction

with its Motion in Support of Summary Judgment and dismiss the pertinent provisions of

plaintiff's complaint.

DEFENDANT,
STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:     _____
Jane B. Emons
Assistant Attorney General
Federal Bar No. 16515
55 Elm Street - P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
Email:  jane.emons@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Reply Memorandum to

Plaintiff's Response to Defendants' Motion for Summary Judgment, was mailed this 1st

day of March, 2006, first class postage prepaid to:

Cynthia Jennings, Esq.
The Barrister Law Group
211 State Street, 2nd Floor
Bridgeport, CT  06604

_____
Jane B. Emons
Assistant Attorney General