UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
---------------------------------x
                                 :
EUNICE SMITH                     :
                                 :
        Plaintiff,               :
                                 :
v.                               :   Civ. No. 3:03CV00386(AWT)
                                 :
STATE OF CONNECTICUT DEPARTMENT  :
OF CORRECTION, JOHN ARMSTRONG,   :
TERESA LANZ, and ERIC SOUSA,     :
                                 :
        Defendants.              :
                                 :
---------------------------------x
```

**ORDER RE DEPARTMENT OF CORRECTION'S MOTION FOR SUMMARY JUDGMENT**

After oral argument on January 26, 2007, the Motion for Summary Judgment filed by the State of Connecticut Department of Correction ("DOC") is being granted in part and denied in part as set forth below. This ruling addresses only arguments made by DOC. It does not address the individual defendants, John Armstrong, Teresa Lanz, and Eric Sousa, who have not yet been served with the amended complaint.

As discussed during oral argument, "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998). Accordingly, the DOC's motion for summary judgment is being granted with respect to Count Three and Count Four.

As was also discussed during oral argument, "it is well settled that a State and its agencies are not 'persons' under a 1985 [claim]." Sandoval v. Dept. of Motor Vehicles State of New York, 333 F.Supp.2d 40, 43 (E.D.N.Y. 2004) (citation omitted).

Accordingly, DOC's motion for summary judgment is being granted with respect to Count Five.

With respect to Count Six and Count Seven, it was discussed during oral argument that "the courts of this district have consistently found that CFEPA claims against the state or its agents are barred by the Eleventh Amendment." <u>Alungbe v. Board of Trustees of Connecticut State University (CSU) System, et al.</u>, 283 F.Supp.2d 674, 687 (D. Conn. 2003).  Accordingly, DOC's motion for summary judgment is being granted with respect to Count Six and Count Seven.

With respect to Count One (Title VII claim for race discrimination) and Count Two (Title VII claim for retaliation), it was agreed that the key date is May 22, 2001.  The plaintiff contends that incidents which occurred prior to May 22, 2001 are not time-barred because the defendant engaged in a continuous practice and policy of discrimination.  DOC contends that the multiple incidents of discrimination alleged were merely related discrete acts.

"Under Title VII's continuing violation doctrine, 'if a plaintiff has experienced a continuing practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'"  <u>Washington v. County of Rockland</u>, 373 F.3d 310, 317 (2d Cir. 2004) (citation omitted).  "The continuing violation exception applies to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists . . . or discriminatory employment

tests . . . ." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993). "However, multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Id. at 53. In National Railroad Passenger Corp. v. Morgan, the Supreme Court explained that "[t]here is simply no indication that the term 'practice' converts related discrete acts into a single unlawful practice for the purpose of timely filing." 536 U.S. 101, 111 (2002). The Court noted that it had also stated that "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." Id. at 112. The Court further explained that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 113. However, the Court noted that the statute does not preclude "an employee from using the prior acts as background evidence in support of a timely claim." Id. at 112 (citation omitted). The Court found that untimely discriminatory acts were not actionable for purposes of disparate treatment and retaliation causes of action. See id. at 115.

   The plaintiff argued at oral argument that she had created a genuine issue of material fact as to the existence of three specific DOC policies: (1) failure to address the plaintiff's complaints; (2) application of DOC's policy on violence in the workplace in a discriminatory manner based on race; and (3) harsher discipline (including termination of employment) in response to complaints by and against African-American employees.

The plaintiff pointed to pages 15 to 16 of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. No. 78) as the place where she had addressed these alleged specific policies. With respect to the first of these alleged specific policies, all the plaintiff points to are her individual complaints, which are related discrete acts and do not satisfy the requirements for application of the continuing violation doctrine. With respect to the second and third alleged specific policies, the portion of the plaintiff's memorandum she relies upon points only to mere allegations in the plaintiff's complaint; there is no reference to any evidentiary support in the record for a reasonable inference that either such policy was in effect. In addition, although the plaintiff has submitted voluminous documents in opposition to the instant motion, it is not apparent from a review of those documents how they could support a finding that the second or third of the specific policies alleged by the plaintiff were in effect at DOC.

DOC argues that a claim based on termination of the plaintiff's employment is time-barred. However, it is reasonably related, at a minimum, to the claims set forth in the March 12, 2003 CHRO complaint. Therefore, it is not time-barred. See Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003).

DOC also argues in its memorandum that certain incidents occurring prior to the 300th day before March 12, 2003, i.e. the date another CHRO complaint was filed, are time-barred. However, the incidents occurring between the filing of the March 2002 complaint and the 300th day preceding March 12, 2003 are

reasonably related to the claims set forth in the March 2002 complaint.

Therefore, the court concludes, with respect to the plaintiff's Title VII claims, i.e. Count Two and Count Three, that only incidents prior to May 22, 2001 are time-barred. Thus, DOC's motion for summary judgment with respect to Count One and Count Two are being granted in part and denied in part.

As set forth above, the DOC's Motion for Summary Judgment (Doc. No. 68) is hereby GRANTED in part and DENIED in part. The only remaining claims against DOC are in Count One and Count Two.

It is so ordered.

Dated this 29th day of January 2007 at Hartford, Connecticut.

                                              /s/AWT
                                 Alvin W. Thompson
                       United States District Judge