UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUNICE SMITH | : | |
| VS. | : | 3:03cv386(AWT) |
| DEPARTMENT OF CORRECTION | : | APRIL 27, 2008 |

## MOTION TO REARGUE

    The plaintiff moves to reargue its Ruling (Docket # 115) published online the morning of Saturday, April 26, 2008, for the following reasons:

    1.  The ruling granted Motions in Limine docketed simultaneously with the Order, on Saturday, April 26, 2008, to wit: Motion in Limine # 110, Motion in Limine # 111, Motion in Limine # 112, Motion in Limine # 113, and Motion in Limine # 114.

    2.  No such motions ever were filed in this court.

    3.  The court has allowed the plaintiff until July 10, 2007, a date which expired more than nine months ago, to respond to such motions, but already has ruled.

    4.  The Chambers Practices of this court expressly state: "Any motions in limine should be filed *with* the trial memorandum." The trial memorandum in this

1

case was filed on June 19, 2007, and no motions were filed with that trial memorandum. The trial memorandum contained within its body the statement that the defendant was going to make various in limine motions, but no such motions were filed either at the time the Trial Memorandum was filed or at any other time.

    5. In its sua sponte order published yesterday, the court appears to be granting a request of the defendant that the plaintiff should not be permitted to compare herself to anyone else in the Department of Correction, on the ground that, according to the defendant, she is unique among all correction officers and nobody can be compared to her. The defendant offered and offers no basis for this bizarre claim. This issue is affected by a ruling of the Connecticut Appellate Court, posted online and scheduled for official release on April 29, 2008, entitled *AFSCME, Council 4, Local 1565 v. Department of Correction, et al.*, No. AC 28320. In that ruling, the Appellate Court holds that the reason for the plaintiff's termination from her employment was (1) the fact that she had placed a telephone call to another department employee, which telephone call led to her being arrested, and (2) the fact that after her arrest the plaintiff accepted a program of Accelerated Rehabilitation pursuant to Section 54-56e of the Connecticut General Statutes. The defendant is bound by that ruling under traditional principles of collateral estoppel and res judicata. <u>United States v.</u>

Hussein, 178 F.3d 125, 129 (2nd Cir. 1999), quoting In re PCH Associates, 949 F.2d 585, 593 (2nd Cir. 1991); Ferris v. Cuevas, 118 F.3d 122, 126 (2nd Cir. 1997). The comparators to whom the plaintiff may appropriately be compared, therefore, are other officers who either have not been terminated after being placed on Accelerated Rehabilitation, have not been terminated after criminal convictions, or have not been terminated after placing telephone calls to other officers. "[W]here a plaintiff seeks to make out her prima facie case by pointing to the disparate treatment of a purportedly similarly situated employee, the plaintiff must show that she shared sufficient employment characteristics with that comparator so that they could be considered similarly situated....In Shumway [v. United Parcel Service, Inc., 118 F.3d 60 (2d Cir. 1997)], we explained that such an employee 'must be similarly situated in all *material* respects' – not in *all* respects. 118 F.3d at 64 (emphasis added). A plaintiff is not obligated to show disparate treatment of an *identically* situated employee. To the contrary, Shumway holds that in those cases in which a plaintiff seeks to establish her minimal prima facie case by pointing to disparate treatment of a similarly situated employee, it is sufficient that the employee to whom the plaintiff points be similarly situated in all material respects....In other words, where a plaintiff seeks to establish the minimal prima facie case by making reference to the disparate treatment of other employees, those employees must have a

3

situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination." McGuinness v. Lincoln Hall, 263 F.3d 49, 53-54 (2d Cir. 2001).

    6. The defendant's second evidentiary position, which the court appears to have granted in its order yesterday, is simply that the plaintiff be required to show that the decision to terminate her was in some way related to her prior complaints of discrimination or to her race. The plaintiff's evidence in fact will show that she was a constant complainer about alleged discrimination in the department, that she received favorable settlements from the defendant in two separate complaints to the Commission on Human Rights and Opportunities, and that she was subsequently dismissed under circumstances which demonstrate retaliation because other officers who have not made and settled such complaints but have been placed on accelerated rehabilitation, or have been convicted of crimes, or have placed telephone calls to other officers, have not been dismissed. "To make out a prima facie case, the plaintiff must show that: (i) she is a member of a protected class; (ii) she was qualified for the position; (iii) the defendant took adverse action against her; and (iv) the adverse action occurred under circumstances giving rise to an inference of discrimination." Harper v. Metropolitan District Commission, 134 F. Supp. 2d 479, 483 (D. Conn. 2001) (Covello, C.J.). Stated another way, a plaintiff may

4

make out a *prima facie* case "by showing that she is within a protected group; that she is qualified for the position; that she was subject to an adverse employment action...; and that a similarly situated employee not in the relevant protected group received better treatment." McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001). "Direct evidence is not necessary, and a plaintiff charging discrimination against an employer is usually constrained to rely on the cumulative weight of circumstantial evidence. *See* Rosen v. Thornburgh, 928 F.2d 528, 533 (2nd Cir. 1991) ('An employer who discriminates is unlikely to leave a 'smoking gun,' such as a notation in an employee's personnel file, attesting to a discriminatory intent.')." Luciano v. Olsten Corp., 110 F.3d 210, 215 (2nd Cir. 1997).

    7. The third defense request, apparently granted by the court yesterday morning, is a request that the plaintiff not be allowed to show "that she did not engage in behavior for which she was disciplined or terminated...." This argument by the defense has been impacted significantly by the intervening ruling of the Appellate Court in the case of *AFSCME, Council 4, Local 1565 v. Department of Correction, et al.*, No. AC 28320, discussed above. As noted previously, the Appellate Court now has ruled that the reasons, and the only reasons, the defendant offers for terminating the plaintiff were that she made a telephone call to another officer, was arrested, and accepted a program of

5

Accelerated Rehabilitation. Since the defendant now is bound by that ruling, the entire issue has become moot. The plaintiff does not dispute making a telephone call, being arrested, and receiving Accelerated Rehabilitation. The evidence will show that these reasons were a fabrication by the defendant to conceal its true underlying motivation, which was retaliation; because other officers who have engaged in similar conduct, but had not made CHRO complaints that the defendant was constrained to settle, have not been terminated for such reasons.

        THE PLAINTIFF

        BY:_____/s/_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax: 203.776.9494
        jrw@johnrwilliams.com
        Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                      /s/
                           JOHN R. WILLIAMS