UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUNICE SMITH, | : | CIVIL ACTION NO. |
|     *Plaintiff* | | 3:03CV0386(AWT) |
| | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION | | |
| ET AL. | | |
|     *Defendant* | : | April 28, 2008 |

# **DEFENDANT'S[1] SECOND MOTION IN LIMINE**

      Defendant Department of Correction ("DOC") moves to prohibit the plaintiff from mentioning or offering any evidence or raw statistical data that a greater number of disciplines occurred for black DOC employees during the five year period preceding 2003. Such raw data is not relevant and lacks foundation under Federal Rules of Evidence 402. It would also be unfairly prejudicial to the defendant under Rule 403.

      The plaintiff's case is premised in part upon a statistical argument that between 1998-2003 black DOC employees were disciplined by the agency as a whole at a higher rate than white employees. Plaintiff relies upon a DOC statistical report prepared by DOC employee Robert Jackson. The report simply identified the number of disciplines during the five-year period and stratified the incidents based upon race. There was no attempt or methodology used to analyze whether any racial group was discriminated against in any respects. Mr. Jackson will testify that he applied no recognized statistical methodology to eliminate legitimate non-discriminatory reasons for any statistical anomaly. No expert has been retained by the

---

[1] All other defendants have been terminated by prior orders of the Court. The lone defendant at trial is the Dept. of Correction.

plaintiff to: (1) stratify raw data for DOC corrections officers alone to exclude those cases in which legitimate nondiscriminatory factors (type of offense, the decision maker, DOC facility, racial makeup of work shift, repeat offenders, rank or race of supervisor) that could influence the raw data; (2) correlate any valid statistical inference to any particular region or to identified supervisor; (3) account for the differing percentages of BM and WM corrections officers within each facility; (4) account for repeat offenders within a region; or (5) verify in which years the incidents occurred during a five year period.

In Foster v. Tandy Corporation, 828 F.2d 1052 (4th Cir. 1984), the federal court rejected raw numbers that lacked a sufficient context upon which to base a valid statistical inference of discrimination. In doing so, the court reiterated the rule that raw statistics devoid of any context which relates those statistics to the alleged discriminatory practice are of minimal probative value." Id. at 1057.

It is established law in this circuit that statistical evidence in a disparate treatment case is generally admissible if the requisite foundation is established. Hollander v. American Cyanamid Co., 172 F.3d 192, 202 (2d Cir. 1999). However, before such statistical evidence is admissible the offering party must establish the reliability of any inferences to be drawn from the statistical evidence. Id. at 203. In the Hollander case, the plaintiff brought an age discrimination claim for wrongful termination. In support of his case, the plaintiff sought to offer the statistical reports of an expert who had analyzed the terminations at the defendant's plant and was prepared to opine within a high degree of statistical certainty that age was a determining factor in the plaintiff's termination. Finding the expert's opinion based on raw statistics to be unreliable, the trial court excluded the experts' testimony. On appeal, the Second Circuit Court of Appeals affirmed the

trial court ruling.  Acknowledging the unreliability of raw statistics, the Court of Appeals stated the following:

> However, the Report's inference of discrimination **solely on the basis of the raw numbers is impermissible in the absence of any attempt to account for other causes of the . . . anomaly.** . . . Highlighting Gaudard's failure to account for explanations other than discrimination is the fact that both 60-69 and 70-79 level 9+ workforce increased moderately over the course of those years.  In short, data presented by Gaudard's in this part of the report does not make it any more or less likely that Cyanamid is liable for age discrimination.

Id. at 203.  See also, Delgado v. Achieve Global, 2000 Conn. Super LEXIS 3184 (November 15, 2000, Melville, J).

Permitting the admission of raw statistical data without the proper foundation would unfairly prejudice the defendant and force the parties to litigate an entirely different case of adverse impact under Title VII that was not plead.  Defendant also informs the court that plaintiff never identified the 2003 report or supplemented her discovery responses to discovery.  The report is not listed as an exhibit in the pretrial memorandum.

WHEREFORE, the defendant DOC requests that the court grant the motion in limine.

                DEFENDANTS
                DEPARTMENT OF CORRECTION

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

By:    /s/ Joseph A. Jordano_____
       Joseph A. Jordano (#ct21487)
       Assistant Attorney General
       55 Elm Street, P.O. Box 120
       Hartford, CT  06141-0120
       Tel:  (860) 808-5340
       Fax: (860) 808-5383
       E-Mail Address:
       Joseph.Jordano@po.state.ct.us

## CERTIFICATION

    I hereby certify that on April 28, 2008   a copy of the foregoing **Motion in Limine** was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                   __/s/ Joseph A. Jordano_____
                                                  Joseph A. Jordano (#ct21487)
                                                  Assistant Attorney General
                                                  55 Elm Street, P.O. Box 120
                                                  Hartford, CT  06141-0120
                                                  Tel.: (860) 808-5340
                                                  Fax: (860) 808-5383
                                                  E-Mail Address:
                                                  Joseph.Jordano@po.state.ct.us