```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
EUNICE SMITH,                  :
                               :
          Plaintiff,           :
                               :
v.                             :      Civ. No. 3:03CV00386(AWT)
                               :
STATE OF CONNECTICUT           :
DEPARTMENT OF CORRECTION,      :
                               :
          Defendant.           :
                               :
-------------------------------x
```

### ORDER RE PLAINTIFF'S MOTION IN LIMINE

The plaintiff, Eunice Smith ("Smith"), moves to preclude the defendant, State of Connecticut Department of Correction ("DOC"), from offering Defendant's Exhibits 1, 3, 4, 8, 50, 51, 52, 53, 57, and 58 into evidence. For the reasons set forth below, the plaintiff's motion was denied.

**I.   Exhibits 1, 3, and 4**

Defendant's Exhibits 1, 3, 4 are documents relating to the DOC's policy on the use of firearms and other weapons by DOC. First, the plaintiff moves to exclude these exhibits because they "predate 2001 and therefore are precluded pursuant to other orders issued by this court." (Pl.'s Motion in Limine (Doc. No. 122) at 1). However, these exhibits fall outside the scope of the court's order with respect to the defendant's motion in limine because that order addressed only alleged incidents of

-1-

discrimination suffered by the plaintiff which occurred prior to May 22, 2001.

Second, the plaintiff moves to preclude these exhibits on the ground that "the defendant is collaterally estopped from raising any firearms issue as a basis for its termination of the plaintiff, since the Connecticut Appellate Court has ruled that the sole basis offered by the defendant for terminating the plaintiff was her acceptance of Accelerated Rehabilitation and her having made a telephone call to another Correction Officer." (Id.). The court does not agree with the plaintiff's interpretation of the Appellate Court's decision. In AFSCME, Council 4, Local 1565 v. Department of Correction et al., 2008 WL 1819112 (Conn. App. 2008), the Appellate Court affirmed the Superior Court's decision denying AFSCME's application to vacate an arbitration award upholding the discharge of Smith by the DOC. AFSCME had argued that "in rendering the arbitration award, the arbitrator relied on no findings of fact other than that Smith had accepted accelerated rehabilitation." AFSCME, 2008 WL 1819112 at *3. However, the court rejected AFSCME's argument. First, the court noted that "it is not clearly an error for an arbitrator to acknowledge and to consider that a grievant has accepted accelerated rehabilitation." Id. The court then noted:

> Moreover, contrary to the plaintiff's claim, the arbitrator clearly relied on findings other than Smith's acceptance of accelerated rehabilitation. The arbitrator explicitly referred to the fact that Smith's

>   telephone contact with another officer led to her
>   dismissal and that Smith "was aware of the consequences
>   related to her conduct and had full notice of the
>   [defendant]'s rules regarding such conduct." The
>   arbitrator further stated: "The fact remains that the
>   telephone contact by [Smith] with the other officer
>   resulted in a series of events that led to [Smith's]
>   subsequent arrest and dismissal."

Id. at 4.  However, the court never found that the sole basis offered by the defendant for terminating the plaintiff was her acceptance of Accelerated Rehabilitation and her having made a telephone call to another Correction Officer.  Significantly, the Appellate Court stated:

>   The following facts and procedural history are relevant
>   to our resolution of the plaintiff's claim. On January
>   17, 2003, as the result of a police investigation into
>   a complaint that Smith, a correction officer, had
>   threatened to shoot a coworker for refusing to answer
>   questions about a union related posting, Smith was
>   arrested and charged with making threats, breach of the
>   peace and inciting injury to a person. On January 19,
>   2003, the police conducted a search of Smith's
>   residence in order to confiscate a weapon registered to
>   her. Due to the officers' discovery of a partially
>   smoked marijuana cigarette and a pill bottle under
>   Smith's bed, Smith was charged with possession of
>   marijuana and drug paraphernalia.

Id. at 1.  In addition, the Appellate Court stated in its discussion of the facts that "[o]n November 6, 2003, Smith was dismissed from state service for on and off duty misconduct which violated administrative directive 2.17 of the parties' collective bargaining agreement."  Id. at 1.  Administrative directive 2.17 prohibits, inter alia, "any act that jeopardizes the security of the unit," "unauthorized possession of non-department issued

firearms or other weapons while on duty or state property," and "engag[ing] in unprofessional or illegal behavior." Id. at 1, n.2.

The focus of the Appellate Court's opinion was on whether it was "clearly an error for an arbitrator to acknowledge and to consider that a grievant has accepted accelerated rehabilitation" and whether the arbitration award violated public policy. Id. at 3. The court never purported to state what all the bases offered by the defendant for terminating the plaintiff's employment had been.

### II.  Exhibit 8

Because the defendant has agreed to withdraw Exhibit 8, the plaintiff's motion to exclude it is being denied as moot.

### III. Exhibits 50, 51, 52, 53, 57, and 58

Exhibits 50, 51, 52, 53, 57, and 58 are documents relating to the plaintiff's criminal prosecution. First, the plaintiff moves to exclude these documents because the plaintiff's "prosecution has been erased as a result of the plaintiff's successful completion of a program of Accelerated Rehabilitation." (Doc. No. 122 at 2). However, these documents are relevant to DOC's proffered reasons for terminating the plaintiff's employment. In addition, the plaintiff opened the door to the admission of these documents by discussing the plaintiff's arrest and the resolution of her criminal case in

-4-

counsel's opening statement and in her direct testimony.

Second, the plaintiff moves to exclude these exhibits on the ground that "the defendant is collaterally estopped, by [the AFSCME decision], from contending that it was the underlying facts of the plaintiff's criminal prosecution, rather than the fact of her having accepted the Accelerated Rehabilitation program, that were the basis of her termination." (Id. at 2). For the reasons already stated in Part I, supra, the court finds the plaintiff's argument unpersuasive.

## IV.  Exhibit 60

Exhibit 60 is the plaintiff's withdrawal of her complaint as to former defendant Gonzales.  The plaintiff moves to exclude this exhibit on the ground that it is irrelevant.  However, this exhibit relates to the Accelerated Rehabilitation program and therefore is relevant.

For the reasons set forth above, the plaintiff's Motion in Limine (Doc. No. 122) was DENIED.

It is so ordered.

Dated this 29th day of April 2008 at Hartford, Connecticut.

                                    /s/AWT
                               Alvin W. Thompson
                            United States District Judge